UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN CHRISTOPHER BRAUN, | Case No. 22-CV-0710 (JRT/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA; MNDOC; COMMISSIONER OF CORRECTIONS; CHAIR AND RANKING MINORITY MEMBERS OF THE HOUSE OF REPRESENTATIVES AND SENTATE COMMITTEES, and Divisions with Jurisdiction over Public Safety and Judiciary; MINNESOTA CORRECTIONAL FACILITY, the Warden of each; and THE STEP-DOWN MANAGEMENT PROGRAM, and the employees that enforced it, | |
| Defendants. | |

Plaintiff Nathan Christopher Braun, a prisoner, brings this action alleging that the "Step-Down Management Program" employed by the Minnesota Department of Corrections amounts to a violation of prisoners' constitutional rights. This Court has reviewed the complaint pursuant to 28 U.S.C. § 1915A and finds that the claims pleaded in the complaint should be permitted to go forward insofar as Braun (1) seeks non-monetary relief; (2) on behalf of Braun himself; (3) from the Commissioner of the Minnesota Department of Corrections, the John Doe wardens of the facilities operated by the Minnesota Department of Corrections, and the John Doe employees of the Step-Down

1

Management Program. By separate order, Braun's pending application to proceed *in forma pauperis* will be granted with respect to this aspect of the complaint. But for the reasons explained below, this Court will be recommended that this action be dismissed in all other respects.

Under § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be

construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

There are several problems with Braun's complaint that preclude this matter from going forward in the manner that it has been pleaded. First, Braun purports to seek relief not only for himself, but on behalf of three separate classes of prisoners affected by the Step-Down Management Program. (Compl. at 1, 5-6, Dkt. No. 1.) "It is well-established that a non-attorney pro se plaintiff cannot adequately represent a class." *Greene v. Lake*, No. 17-CV-3551 (SRN/KMM), 2018 WL 3105446, at *2 (D. Minn. June 25, 2018) (collecting cases). Braun, who is not licensed to practice law, may represent his own interests in federal court, *see* 28 U.S.C. § 1654, but not the interests of others. Insofar as Braun seeks relief on behalf of entire classes of prisoners, those aspects of the complaint should be dismissed without prejudice.

Second, Braun brings claims under § 1983 against two defendants who are simply not amenable to relief under that statute. A defendant must be a "person" for an action to be brought against that defendant under § 1983, and neither the State of Minnesota nor the Minnesota Department of Corrections are "persons" for purposes of that statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999). Those defendants should therefore be summarily dismissed without prejudice pursuant to § 1915A.

Third, Braun seeks relief from several unspecified members of the Minnesota state legislature. Braun's claims in this regard are cursory; it is unclear from the complaint why any of these individuals have been named as defendants to this action, and Braun has

3

therefore failed to state a claim on which relief may be granted with respect to any of these defendants. But even leaving this aside, state legislators are absolutely immune from suit under § 1983 for activities taken within the traditional sphere of legislative activity. *See Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998); *Star Distributors, Ltd. v. Marino*, 613 F.2d 4, 8-9 (2d Cir. 1980) (finding that immunity of legislators extends to claims for injunctive relief). For both reasons, the legislative defendants also should be dismissed without prejudice from this action.

Fourth, Braun seeks both non-monetary relief (an injunction prohibiting state officials from implementing the Step-Down Management Program) and monetary relief. The complaint does not specify whether the remaining defendants are being named to this action in their personal capacities or in their official capacities as agents of the State of Minnesota. Accordingly, the complaint must be interpreted as raising only official-capacity claims. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). But state officials sued in their official capacities are enveloped by sovereign immunity from claims for monetary damages, depriving the Court from jurisdiction over such claims. *See, e.g.*, *Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Braun thus cannot seek monetary relief from the remaining defendants named to this action.

Accordingly, it is recommended that these aspects of this action be dismissed without prejudice. By separate order, this Court will grant Braun's application to proceed *in forma pauperis* with respect to the remaining defendants and direct that service of process be effected consistent with Rule 4(j) of the Federal Rules of Civil Procedure.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Defendants State of Minnesota, the Minnesota Department of Corrections, and the Chair and Ranking Minority Members of the House of Representatives and Senate Committees be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

2. Plaintiff Nathan Christopher Braun's claim for monetary damages be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

3. All aspects of the Complaint purporting to seek relief on behalf of individuals other than Braun be **DISMISSED WITHOUT PREJUDICE**.

Dated: June 22, 2022         ___s/ *John F. Docherty*_____
                             John F. Docherty
                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).