UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| NATHAN CHRISTOPHER BRAUN,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF MINNESOTA; MNDOC; COMMISSIONER OF CORRECTIONS; CHAIRS AND RANKING MINORITY MEMBERS OF THE HOUSE OF REPRESENTATIVES AND SENATE COMMITTEES, and Divisions with Jurisdiction over Public Safety and Judiciary; MINNESOTA CORRECTIONAL FACILITY, the Warden of each; and THE STEP-DOWN MANAGEMENT PROGRAM, and the employees that enforced it,<br><br>Defendants. | Civil No. 22-710 (JRT/JFD)<br><br>**MEMORANDUM OPINION ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS** |

Nathan Christopher Braun, OID # 252511, MCF-Stillwater, 970 Pickett Street North, Bayport, MN 55003, *pro se* plaintiff.

Corinne Wright, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, Saint Paul, MN 55101, for defendants.

Plaintiff Nathan Christopher Braun brings this action under 42 U.S.C. § 1983, alleging that the "Step-Down Management Program" used by the Minnesota Department of Corrections violates prisoners' constitutional rights. Magistrate Judge John F. Docherty issued a Report and Recommendation ("R&R"), recommending that the Court dismiss without prejudice (1) all claims against defendants the State of Minnesota, the Minnesota

Department of Corrections, and the chairs and ranking minority members of the House of Representatives and Senate Committees, (2) Braun's claim for monetary damages, and (3) all aspects of the Complaint seeking relief on behalf of those other than Braun. Braun objected to these recommendations. Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to state a claim upon which relief may be granted as to all other defendants and claims. Braun also filed various other motions including for preliminary relief and for joinder of claims.

The Court will overrule Braun's objections and adopt the R&R because (1) the State of Minnesota and the Minnesota Department of Corrections are not "persons" under § 1983, (2) state legislative members are immune from suit under § 1983 for activities within their legislative sphere; (3) state officials sued in their official capacity are protected from claims for monetary damages; and (4) non-attorney pro se prisoners cannot represent others. The Court will grant Defendants' Motion to Dismiss because Braun failed to allege that he has Article III standing and, even if he did, he did not adequately allege claims for relief. The Court will deny Braun's other motions as moot.

## BACKGROUND

### I. FACTUAL BACKGROUND

The Complaint alleges the Minnesota Department of Corrections ("MNDOC") maintains a program known as the "Step-Down Management Program" ("SDMP"). (Compl. at 1, Mar. 17, 2022, Docket No. 1.) According to the Complaint, the policies

guiding the implementation of the SDMP are contained in MNDOC Policy 301.088 which was implemented under Minnesota Statutes § 243.521, subd. 4.  (*Id.* at 2.)

Minnesota law permits the MNDOC to place inmates "on disciplinary segregation status for rule violations or on administrative segregation status when the continued presence of the inmate in general population would pose a serious threat to life, property, self, staff, or other inmates or to the security or orderly running of the institution." Minn. Stat. § 243.521, sub. 1.  As part of this, the MNDOC "shall design and implement a continuum of interventions, including informal sanctions, administrative segregation, formal discipline, disciplinary segregation, and step-down management," and "shall implement a method of due process for all offenders with formal discipline proceedings." Minn. Stat. § 243.521, sub. 4.  MNDOC Policy 301.088 implements this mandate in part. *Policy Number 301.088, Restrictive Housing Step-Down Management Program* at 9, Minn. Dep't of Corr., available at https://policy.doc.mn.gov/DOCPolicy (effective Sept. 17, 2019).

According to Policy 301.088, the SDMP exists to ensure that incarcerated individuals "in restrictive housing who present an increased risk to the safety, security, or orderly operation of the facility can gradually transition back to general population or the community." *Id.* at 1.  There are a variety of procedures involving several people that must be followed before an incarcerated individual is placed into the SDMP. *Id.* at 2–5. There must be a referral, a mental health evaluation, a review by an SDMP team to

provide written recommendations for placement, and a review and decision by a facility's deputy commissioner before someone is placed into the SDMP. *Id.* at 2–4. As a part of the process, the person under consideration for placement, has an opportunity to be present at the SDMP team's review and/or to provide a written statement. *Id.* at 4.

Braun alleges that the SDMP violates the constitutional rights of "two distinct classes of prisoners within the State of Minnesota that are confined to the MNDOC custody, or had been at any time previously, and also is potentially subjecting another distinct class of prisoners to the same violations in the future." (Compl. at 1–2.) The Complaint alleges that the SDMP "deprives prisoners of property and privileges without any Due Process," the DOC treats persons in the SDMP differently than similarly situated persons in other forms of restrictive or segregated housing statuses, and that SDMP "placement is entirely compulsory, with absolutely no grievance mechanism." (*Id.* at 3–4.) Braun further contends that the DOC uses the SDMP to violate and retaliate against the exercise of inmates' constitutional rights. (*Id.* at 4–5.)

**II.   PROCEDURAL HISTORY**

Braun initiated this pro se action under 42 U.S.C. § 1983 against the State of Minnesota, MNDOC, the Commissioner of Corrections, chairs and ranking minority members of the House of Representatives and Senate committees and divisions with jurisdiction over public safety and judiciary, the wardens of each Minnesota correctional facility, and the SDMP and the employees that enforced it, alleging the implementation of the SDMP violates the Constitution's First Amendment, Eighth Amendment, due

process, and Fifth and Fourteenth Amendment equal protection rights. (*Id.* at 1.) Braun purports to represent three classes: (1) those previously subjected to the SDMP, (2) those currently subjected to the SDMP, and (3) those who may be subjected to the SDMP in the future. (*Id.* at 5–6.) He seeks injunctive relief enjoining Defendants' implementation of the SDMP and monetary damages. (*Id.* at 5.)

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge reviewed the Complaint and issued an R&R recommending the Court dismiss without prejudice (1) all claims against defendants State of Minnesota, the MNDOC, and the chairs and ranking minority members of the House of Representatives and Senate Committees, (2) Braun's claim for monetary damages, and (3) all aspects of the Complaint seeking relief on behalf of those other than Braun. (R&R, June 22, 2022, Docket No. 15.) Braun objected to the R&R. (Objs. R&R, July 8, 2022, Docket No. 24.)

Defendants filed a Motion to Dismiss all claims against all defendants not addressed in the R&R. (Mot. Dismiss, July 15, 2022, Docket No. 25.)

Among other filings, Braun filed what purports to be a Motion for a Temporary Restraining Order ("TRO") and a Motion for a Joinder of Claims apparently signed by other inmates. (Mot. TRO, July 8, 2022, Docket No. 22; Mot. Joinder Claims, July 18, 2022, Docket No. 31.)

## DISCUSSION

Because Braun is proceeding pro se, the Court will liberally construe his filings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See*

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se litigants are not excused from failing to comply with substantive and procedural law." *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

## I.     REPORT AND RECOMMENDATION

### A.     Standard of Review

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07–1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo "properly objected to" portions of an R&R.[1] Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). Unobjected portions of an R&R are also only reviewed for clear error. Fed. R. Civ. P. 72 advisory committee's note, subd. (b) ("When no timely objection is filed, the court need

---

[1] De novo means that this Court will review the evidence, filings, and the law independently. In other words, the Magistrate Judge's prior opinion has no influence on how the Court reviews properly objected to issues. In essence, the Court will review the case from the start, as if it is the first court to review and weigh in on these issues.

only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, the Magistrate Judge issued a recommendation to dismiss portions of Braun's Complaint. When reviewing a complaint, the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court construes the complaint in the light most favorable to the plaintiff, drawing all inferences in the plaintiff's favor, accepting the complaint's factual allegations as true and drawing all inferences in the plaintiff's favor. *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018); *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In other words, a complaint "does not need detailed factual allegations" but must include more "than labels and conclusions, and a formulaic recitation of the elements" to meet the plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## B. Analysis

Braun objected to all three of the R&R's recommendations that the Court dismiss without prejudice (1) all claims against defendants State of Minnesota, the MNDOC, and

the Chair and Ranking Minority Members of the House of Representatives and Senate Committees, (2) Braun's claims for monetary damages, and (3) all aspects of the Complaint seeking relief on behalf of those other than Braun.

### 1. Dismissal of Defendants

#### a. State of Minnesota and MNDOC Defendants

Braun objects to the Magistrate Judge's recommendation to dismiss the claims against the State of Minnesota and the MNDOC because they are not "persons" for the purposes of § 1983. Section 1983 claims can only be brought against a "person." *See* 42 U.S.C. § 1983. And "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989); *accord Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) ("We note first, that a section 1983 suit cannot be brought against the State or [a state agency]."). Therefore, a § 1983 claim may not be brought against the State of Minnesota or the MNDOC. Braun contends that because the State and the MNDOC implement and carry out the SDMP, they are the government and the government is an actor or entity that can be held liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *Monell*, however, stands for the proposition that municipalities, not states, are persons under § 1983. *See id.* at 690; *see also Will*, 491 U.S. at 62–63 (distinguishing between states and municipalities under § 1983). Therefore, *Monell* does not allow a § 1983 claim against the State of Minnesota and the MNDOC. The Court will adopt the Magistrate Judge's recommendation to dismiss all claims against these defendants.

### b. Chair and Ranking Minority Members of the House of Representatives and Senate Committees Defendants

Braun objects to the recommendation to dismiss the claims against various members of the Minnesota state legislature. The R&R recommends dismissal for two reasons: (1) his claims against members of the state legislature are unclear and conclusory and so the Complaint fails to state a claim on which relief may be granted as to them and (2) state legislators are immune from suit under § 1983 for activities taken with the traditional sphere of legislative activity. Braun does not object to the first reason, and it is therefore reviewed for clear error. This recommendation is not clearly erroneous. The only statement in the Complaint that could be construed as a reference to the state legislature—which still does not reference the specific members—is to a single state statute. A single reference to a statute is insufficient to state a claim as to individual members of the legislature.

Braun does object to the second reason, contending that the legislators' actions were not within the traditional sphere of legislative activity and the Court therefore reviews this part of the recommendation de novo. State legislators are absolutely immune from liability under § 1983 for legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). This immunity "attaches to all actions taken in the sphere of legitimate legislative activity." *Id.* at 54 (internal quotation marks and citation omitted). Braun does not dispute this but contends that the actions here were not within the traditional sphere of legislative activity because (1) the law was enacted to effectively negate a ninety-day

limitation on segregation sentences and (2) the legislature has active oversight of the SDMP under the statute. As to his first argument, drafting, voting on, and enacting legislation are legislative acts. *Id.* at 55 (holding that voting for legislation is "quintessentially legislative"); *Hinshaw v. Smith*, 436 F.3d 997, 1008 (8th Cir. 2006) (holding that introducing a bill is also quintessentially legislative). The reason for the legislation is irrelevant. *Bogan*, 523 U.S. at 54 ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it.") As to his second argument, there are two problems. First, the statutory section Braun references addresses an action the Commissioner of Corrections, not state legislators, must take. *See* Minn. Stat. § 243.521, subd. 9. Second, legislative oversight is also an essential legislative function. *See McGrain v. Daugherty*, 273 U.S. 135, 174–75 (1927). Therefore, the Court will adopt the Magistrate Judge's recommendation to dismiss all claims against the state legislators.

### 2. Dismissal of Claims for Monetary Relief

Braun objects to the recommendation to dismiss his claim for monetary relief against the remaining defendants. Fairly construed, his objection only confirms that he is in fact asking for monetary damages and is simply arguing that compensatory and punitive damages are available in § 1983 cases. Monetary damages even when punitive are still monetary damages. The Magistrate Judge found that monetary damages— whatever the type—are not available based on the claims alleged in the Complaint. The Complaint does not identify whether the remaining defendants are named in their

personal or official capacities as government agents. Braun's objection does not challenge this conclusion, and it is not clearly erroneous. Therefore, the Court interprets the Complaint as only raising official-capacity claims. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("[A] plaintiff who wishes to sue a state official in his personal capacity must so specify in her complaint."). Because the Complaint only raises official-capacity claims, the Eleventh Amendment bars the claims for monetary damages. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Therefore, the Court will adopt the Magistrate Judge's recommendation to dismiss all claims seeking from the remaining defendants.

### 3.     Dismissal of Claims on Behalf of Others

Finally, Braun objects to the Magistrate Judge's recommendation to dismiss all aspects of the claims seeking relief on behalf of anyone other than himself because he is proceeding pro se. However, he does not meaningfully provide a basis for his objection. Instead, he affirms that he is seeking class certification for three classes and that "assignment of class counsel should be made." (Objs. R&R at 3–4.) Under Federal Rule of Civil Procedure 23(a)(4), class certification is only appropriate where "the representative parties will fairly and adequately protect the interests of the class." The focus of this rule includes "whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 662–63 (8th Cir. 1982). "It is well established that a non-attorney pro se plaintiff cannot adequately represent a class." *Greene v. Lake*, No. 17-3551, 2018 WL 3105446, at

*2 (D. Minn. June 25, 2018) (collecting cases).  As a non-attorney pro se plaintiff, Braun cannot proceed with claims on behalf of others.  Therefore, the Court will adopt the recommendation to dismiss all aspects of claims asserted on behalf of anyone other than Braun himself.[2]

## II. MOTION TO DISMISS

Defendants move to dismiss all defendants and claims that remain after adoption of the R&R under (1) Rule 12(b)(1) contending Braun lacks Article III standing and (2) Rule 12(b)(6) for failure to state a claim.

### A. Rule 12(b)(1) Subject Matter Jurisdiction

#### 1. Standard of Review

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims.  The party seeking to invoke a federal court's subject matter jurisdiction bears the burden of showing, by a preponderance of the evidence, that the court has jurisdiction. *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011).  A court must dismiss an action if

---

[2] It may be possible to construe his objection as asking the Court to appoint class counsel.  Assuming such a request was properly made, the Court will deny this request.  When a court certifies a class, it must appoint class counsel. Fed. R. Civ. P. 23(g)(1).  When considering counsel, the Court must consider "the work counsel has done in identifying or investigating potential claims in the action."  Fed. R. Civ. P. 23(g)(1)(A)(i).  Therefore, appointed counsel should have some relationship to the case.  *Greene*, 2018 WL 3105446, at *3.  "The rule simply does not contemplate appointing an attorney for a pro se litigant."  *Id.* (quoting *Shepard v. Waterloo*, No. 14-2057, 2015 WL 2238358, at *1 (N.D. Iowa May 12, 2015); *see also* Fed. R. Civ. P. 23(g) advisory committee's note to 2003 amendment ("In a plaintiff class action the court usually would appoint as class counsel only an attorney or attorneys who have sought appointment.").

it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In deciding a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* (citations omitted). The Court, therefore, may also consider "materials that are necessarily embraced by the pleadings," *Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016),[3] and matters of public record, *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court also accepts as true all facts alleged in the complaint construing all reasonable inferences in the plaintiff's favor. *Carlson*, 833 F.3d at 908. "The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osborn*, 918 F.2d at 729 n.6 (citations and internal quotation marks omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* (citations omitted).

---

[3] "[M]aterials embraced by the complaint include documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotation omitted)).

### 2. Analysis

Defendants bring a facial attack on the Court's subject matter jurisdiction as they do not present any evidence or cite anything other than the Complaint and matters of public record, one of which is also embraced by Braun's Complaint.

Article III of the Constitution limits federal courts' jurisdiction to cases or controversies. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Therefore, a plaintiff must have (1) suffered an injury in fact that is both (2) fairly traceable to the complained of conduct of the defendant and (3) likely to be redressed by a favorable decision. *Id.* at 560–61. To establish an injury in fact, a plaintiff must show an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at 561 (citations and internal quotation marks omitted).

The Complaint only describes the SDMP generally and states that it violates **prisoners'** constitutional rights, but never states that its implementation has violated or will imminently violate **Braun's** rights. Indeed, in the Complaint, he never alleges he has, is, or ever will be placed in the SDMP. Therefore, he has not alleged any injury fairly traceable to the SDMP, and he lacks standing. In other filings, Braun claims he was placed in program in January 2019, (Objs. R&R at 4), and that he was told he will be placed in it "upon completion of [his] segregation sentence," (Mot. Joinder Claims at 1). Even assuming the Court could liberally construe these as a part of the Complaint, he still does not allege that he was injured in fact by the SDMP. Braun never points to any specific instance where **his** constitutional rights were violated by the program or even generally

states that **his** rights were violated. Instead, the Complaint only alleges hypothetical violations of **a prisoner's** rights. This is insufficient to confer standing on Braun. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss." (citations omitted)); *see also* Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999).

Because Braun fails to allege an injury in fact, he does not meet his burden of demonstrating that he has standing. Accordingly, the Court lacks subject matter jurisdiction over his Complaint, and the Court will grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(1).

### B. Rule 12(b)(6) Failure to State a Claim

Even if the Complaint and Braun's filings could be liberally construed to allege that he has standing, the Court would still grant Defendants' Motion to Dismiss under Rule 12(b)(6).

As stated above, when reviewing whether a complaint states a claim upon which relief may be granted, the Court must construe all facts in the plaintiff's favor, but the plaintiff must plead sufficient factual content that the Court can draw a reasonable inference that the defendant is liable. Mere labels and conclusion will not do. In an ordinary civil action such as this one, a complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Although [Rule 8] encourages brevity, the complaint must say enough to give the

defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

The Complaint never alleges any facts as to what any individual defendant did to establish a valid claim against that specific defendant. Instead, it lumps all the defendants together.[4] This is insufficient to survive a motion to dismiss. *Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."); *see also Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Similarly, even construed liberally, the Complaint also does not allege any facts as to any specific instance of a violation of Braun's rights. This is also insufficient to survive a motion to dismiss. *See Wallach v. City of Pagedale*, 359 F.2d 57, 58 (8th Cir. 1966) (per curiam) ("Since plaintiff pleads pro se, we construe his pleadings with the utmost liberality and without regard for technicalities. Even so, defendants are entitled to know the extent of the claim against them as well as its precise nature.").

---

[4] Braun contends in his response to Defendants' Motion that he did allege such facts but fails to point to any facts supporting this contention. (Resp. Opp. Mot. Dismiss at 5, July 25, 2022, Docket No. 32.)

Therefore, the Court alternatively will grant Defendants' Motion to Dismiss pursuant to Rule 12(b)(6).[5]

## III. OTHER MOTIONS

Braun has filed various other motions which the Court will deny. First, Braun filed what he styles as a motion for a TRO. (Mot. TRO.) He appears to allege that Defendants—without naming which—are retaliating against him for filing this action. Confusingly, as he seeks to have the SDMP declared unconstitutional, he appears to be claiming that Defendants' refusal to transfer him **out of** the SDMP is retaliatory as two other people in the SDMP were notified that they would be transferred. (*Id.*; Aff. Supp. Mot. TRO, July 8, 2022, Docket No. 23.) Because the Court will dismiss all claims against all Defendants, Braun cannot succeed on the merits, and the Court will deny this Motion as moot. *See Miller v. Honkamp Krueger Fin. Servs., Inc.*, 9 F.4th 1011, 1014 (8th Cir. 2021).[6]

Second, Braun filed a motion styled as a joinder of claims. (Mot. Joinder Claims.) He has submitted various other similar filings and a request to certify a class. (Joinder of Claims in Class, June 30, 2022, Docket No. 19; Joinder of Claims by Aff., July 25, 2022, Docket No. 35; Request for Class Cert., Sept. 12, 2022, Docket No. 39.) Because the Court

---

[5] Defendants also argue Braun's Complaint should be dismissed because it did not allege cognizable claims and he is not entitled to his requested relief. The Court will not address these further alternative bases.

[6] Because the Court denies it as moot, the Court will not address Defendants argument that it is too attenuated from the claims alleged in the Complaint.

will dismiss all claims against all defendants, the motions, requests, and filings are moot, and the Court will deny them as such.

## CONCLUSION

In sum, Braun's Complaint does not present any claims that can proceed in their current form. As a matter of law, several claims cannot proceed as the Magistrate Judge recommended. Therefore, the Court will adopt the R&R and overrule Braun's objections. For the claims remaining after dismissing the claims addressed in the R&R, even viewing the Complaint in the light most favorable to Braun, as currently drafted it contains no factual content that would allow the Court to draw any reasonable inference (1) that he has standing, and therefore the Court lacks subject matter jurisdiction, or (2) that Defendants are liable for misconduct, and therefore fails to state a claim upon which relief can be granted. It may be the case that the SDMP—whether facially or as applied to Braun—is unconstitutional, but because the Complaint has no well-pleaded facts supporting standing or a claim for relief, the Court will grant Defendants' Motion to Dismiss and dismiss the Complaint without prejudice.[7] Because the Court will dismiss Braun's case, the Court will also deny his other motions as moot.

---

[7] A dismissal without prejudice means that the complaint may be amended and filed again, correcting the problems identified with the original complaint.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to the Report and Recommendation [Docket No. 24] are **OVERRULED**;

2. The Magistrate Judge's June 22, 2022, Report and Recommendation [Docket No. 15] is **ADOPTED**;

3. Defendants' Motion to Dismiss [Docket No. 25] is **GRANTED**;

4. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 22] is **DENIED as moot**;

5. Plaintiff's Motion for Joinder of Claims [Docket No. 31] is **DENIED as moot**;

6. The action is **DISMISSED without prejudice**.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 17, 2022
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge